SCANNED at BCF and Emailed on 5/25/22 by PM - 17 pages.
(date) (initials) (num)

FILED
05/25/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | |
|---|---|
| ZACHARIAH C.J. BLANTON ) | |
| Petitioner, ) | |
| ) | Cause No. _____ |
| v. ) | |
| ) | |
| DAN MITCHELL, WARDEN, ) | |
| Branchville Correctional Facility, ) | |
| Respondent. ) | |
| ) | |

## VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

Comes now Zachariah C.J. Blanton, Petitioner, *pro se*, and states:

## I. INTRODUCTION

1. Respondent has knowingly and willfully deprived Petitioner of rights secured by the laws or Constitution of the United States in violation of the:

    (a) Fourth Amendment right against illegal search and seizure: Respondent knowingly and willfully deprived Petitioner of his earned credit time under CPCT[1], which constitutes an illegal seizure.

---
[1] Case Plan Credit Time

(b) Eighth Amendment right against cruel and unusual punishment: Respondent knowingly and willfully failed to take steps to correct the deprivation of Petitioners earned credit time under CPCT which unnecessarily prolonged his sentences which constitutes cruel and unusual punishment.

(c) Fourteenth Amendment right to due process and equal protection of law: Respondent knowingly and willfully deprived Petitioner earned credit time under CPCT, while similarly situated offenders earned more credit time, which constitutes a violation of due process and equal protection of law.

2. The Respondent retaliated against the Petitioner for a previous lawsuit, in violation of the 1st Amendment to the United States Constitution.

3. Petitioner has a State created "liberty interest" in earned credit time under CPCT.

## II. TABLE OF CONTENTS

Introduction..................................................................................................1, 2

Table of Authorities......................................................................................4, 5

Jurisdiction...................................................................................................5

Exhaustion of Administrative Remedies......................................................6, 7, 8

Venue............................................................................................................8, 9

Statement of the Case..................................................................................9, 10

Summary of Argument................................................................................10, 11

Argument.....................................................................................................11, 12, 13, 14, 15

Conclusion...................................................................................................16

Verification..................................................................................................17

Certificate of Service...................................................................................17

## III. TABLE OF AUTHORITIES

**Cases**

*Woodford v. Ngo*, 548 U.S. 81 (2006)..................................................6

*Aaron Isby-Israel v James Wynn, et al*, No. 2:12-cv-00116-JMS-MJD,

　　at 35 (S.D. Ind. Dec. 19, 2018)..................................................10,

*Wolff v McDonnell*, 418 U.S. 539, 566, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974)................15

*Piggie v Cotton*, 342 F.3d 660, 666 (7th Cir. 2003)..................................................15

*Hakim v Osborne*, 2013 U.S. Dist. LEXIS 166270..................................................15

*Smith v Stoner*, 594 F. Supp. 1091, 1984 U.S. Dist. LEXIS 20818 (N.D. Ind. 1984)...........13

*Felder v McBride*, 121 Fed Appx 655..................................................15

*Portee v Vannatta*, 105 Fed Appx 855..................................................15

*Webb v Anderson*, 224 F.3d 649, 651-52 (7th Cir. 2000)..................................................15

*Ellison v Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016)..................................................15

*Scraggs v Jordan*, 485 F.3d 934, 939 (7th Cir. 2007)..................................................15

*Rhoiney v Neal*, 723 F. Appx 347, 348 (7th Cir. 2018)..................................................15

**United States Constitution**

First Amendment..................................................2, 11

Fourth Amendment..................................................1, 11

Fifth Amendment..................................................11

Eighth Amendment..................................................2, 11

Fourteenth Amendment..................................................2, 10, 11 13, 14, 15

**Statutes**

28 U.S.C. § 1367………………………………………………………………………….9

28 U.S.C. § 1391………………………………………………………………………...8

28 U.S.C. § 1746………………………………………………………………………..17

28 U.S.C. § 2254……………………………………………………………………..5, 6, 9

HEA 1120………………………………………………………………………….....9, 10

Indiana Code § 35-50-6-5(a)…………………………………………………………10, 11

Indiana Code § 35-50-6-5(b)………………………………………………………10, 13, 14, 15

Indiana Code § 35-50-6-5.5………………………………………………………10, 13, 14, 15

**Policies**

*Adult Offender Classification*, 01-04-101……………………………………………..12

*Case Plan Credit Time* (CPCT)…………………………………………………………9

*The Disciplinary Code for Adult Offenders* 02-04-101…………………………………15

## IV. JURISDICTION

4. Jurisdiction is invoked in this Honorable Court pursuant to the provisions of 28 U.S.C. § 2254.

    § 2254. State custody; remedies in Federal courts:

    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

## V.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. 28 U.S.C. 2254(b) provides in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

7. Classification issues and interpretations of State law are "non-greivable".

8. There is no available State court corrective process to challenge the IDOC's restoration of credit time. (Post-Conviction Rule 1(1) (a) does not apply to credit time issues).

9. Federal Courts consider a claim exhausted only if a petitioner presents it through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). But, "state-court remedies are also described as having been "exhausted" when they are no longer available, regardless of the reason for their unavailability." *Id.* at 92-93.

10. Petitioner has exhausted his State remedies and states the following:

    (a) Petitioner agreed to participate and opted into the CPCT program on November 18, 2021, (See Exhibit A).

(b) An offender who has opted-in to the CPCT is guaranteed at least three (3) reviews to determine if they receive their time cut.

(c) Petitioner was advised that he would receive all the credit time for which he was eligible.

(d) Petitioner requested a review during his annual review on January 10, 2022, (See Exhibit B-1; Exhibit B-2; Exhibit B-3; Exhibit B-4; Exhibit B-5; Exhibit B-6; Exhibit B-7; and Exhibit B-8 respectfully).

(e) When a review is requested, the Caseworker is to interview the offender, and create a report, which is to be reviewed by the review committee and the UTM.

(f) The Caseworker and other staff put together a CPCT Review Packet for Petitioner, (See Exhibit C-1; Exhibit C-2; Exhibit C-3; Exhibit C-4; Exhibit C-5; and Exhibit C-6 respectfully).

(g) Petitioner received and signed his CPCT review on January 31, 2022, (See Exhibit C-1; Exhibit C-2; Exhibit C-3; Exhibit C-4; Exhibit C-5; and Exhibit C-6 respectfully).

(h) On February 1, 2022, Central Office received Petitioners application for his first CPCT review, (See Exhibit D).

(i) On February 25, 2022, Central Office approved Petitioners first CPCT review and credited him 227 days, (See Exhibit D).

(j) On March 8, 2022, Petitioner was notified by his Caseworker that his 227 days credited him from his first CPCT review were being rescinded, without any reason given to Petitioner.

(k) On March 31, 2022, Petitioner requested and received a copy of the order rescinding his 227 days credited him from his first CPCT review, (See Exhibit E; and Exhibit F respectfully).

(l) On March 8, 2022, Petitioner submitted a Classification Appeal to the facility head of Branchville Correctional Facility. (See Exhibit G).

(m) On March 21, 2022, Petitioners Classification Appeal was denied by Deputy Warden Mitchell. (See Exhibit G).

(n) On March 24, 2022, Petitioner submitted a Classification Appeal to the Director of Classification at Central Office, in Marion County, Indiana, which has a mailing address of 302 West Washington Street, Room E334 Indianapolis, Indiana 46204, by Certified Mail. (See Exhibit H; and Exhibit I).

(o) On April 1, 2022, Petitioners Classification Appeal to the Director of Classification was received and signed for by Michelle Frust. (See Exhibit J).

(p) As of May 25, 2022, Petitioner has not received a response from the Director of Classification regarding his Classification Appeal, (See Exhibit K).

(q) On March 8, 2022, Petitioner submitted an Offender Grievance. (See Exhibit L).

(r) On March 16, 2022, Petitioner received a response from Facility Grievance Specialist John Pillow. (See Exhibit M).

## VI. VENUE

11. Venue is proper in the Southern District of Indiana, Evansville Division, pursuant to 28 U.S.C § 1391(b), which allows for an action to be brought in the district where the Respondent resides or in which the cause of action arose. This cause of action arose in Perry County, Indiana, which

is in the Southern District of Indiana, Evansville Division. The Respondent is employed in Perry County.

12. This petition arises under 28 U.S.C. § 2254 to redress the deprivation of rights, privileges and immunities secured by the United States Constitution.

13. This court has jurisdiction over Petitioners state law claims pursuant to 28 U.S.C. § 1367.

## VII. STATEMENT OF THE CASE

14. HEA[2] 1120 was passed into law in 2020 (effective July 1, 2020).

15. HEA 1120 states that the earned credit time that an offender may earn is:

    (9) an amount determined by the Department of Correction concerning the individualized case management plan; not to exceed the maximum amount described in subsection (j)

    (j) the maximum amount of educational credit a person may earn under this section is the lesser of (1) two (2) years; or (2) one-third (1/3) of the person's applicable time.

16. In response to HEA 1120, the IDOC[3] has developed and implemented Case Plan Credit Time CPCT (effective January 1, 2022).

17. CPCT is an earned credit time cut structure that is driven by the needs indicated in the IRAS and incentivized through the individual case plan to <u>provide each individual the opportunity to earn the maximum credit time</u>, as allowed by law.

18. Offenders participating in the CPCT structure, with an EPRD[4] greater than six (6) years away from their incarceration start date, credit time may be awarded during the scheduled annual

---

2 House Enrollment Act.
3 Indiana Department of Corrections.
4 Earliest Projected Release Date.

review. Offenders with six (6) years or less to their EPRD credit time may be awarded during three (3) scheduled reviews, this credit is based on participation and progress made related to the identified goals and objectives in the CPCT structure and case plan assessment.

19. Earned credit time under CPCT is based on a remedial statute HEA 1120 that applies retroactively to effectuate the purpose for which the statute was enacted. *i.e.* The opportunity for each offender to earn the maximum earned credit time as allowed under Indiana law.

20. "According to IDOC policy, wardens are responsible for the operations of their respective facilities, including the intra-facility classification and assignment of offenders." *Aaron Isby-Israel v. James Wynn, et al.,* No. 2:12-cv-00116-JMS-MJD, at 19 (S.D. Ind. Dec. 19, 2018).

21. "The Warden of each facility is responsible for providing ongoing in-house classification training to ensure that all staff members involved in offender classification are aware of the procedures and their roles and responsibilities in offender classification, assignment, and reassignment." *Isby-Israel* at 19.

22. The warden is the last facility decision-maker in the line of reviewers during classification reviews.

23. An offender who has opted-in to the CPCT is guaranteed at least three (3) reviews to determine if they receive their time cut.

## VIII. SUMMARY OF ARGUMENT

24. Due process is hardly a new concept. *Isby-Israel* at 35

25. The Respondent violated Petitioner's Due Process rights under the 14th and/or 5th Amendment; Indiana Code § 35-50-6-5(a); Indiana Code § 35-50-6-5(b); and Indiana Code 35-50-6-5.5.

26. The Respondent engaged in Cruel and Unusual Punishment of Petitioner, in violation of the 8th and/or 14th and/or 4th Amendment.

27. The Respondent failed to protect Petitioner and/or failed to intervene, or were deliberately indifferent, in violation of the 14th and/or 8th and/or 5th and/or 4th Amendment.

28. The Respondent unreasonably seized Petitioner by rescinding Petitioner's earned credit time from his first CPCT review, in violation of the 4th Amendment.

29. The Respondent unreasonably seized Petitioner's earned credit time from his first CPCT review, in violation of the 4th Amendment.

30. The Respondent retaliated against the Petitioner for a previous lawsuit, in violation of the 1st Amendment.

31. Petitioner has a State created "liberty interest" in earned credit time under CPCT.

32. There was insufficient justification to rescind Petitioners earned credit time from his first CPCT review.

## IX. ARGUMENT

33. The 2020 changes led the IDOC to create a new program, the Case Plan Credit Time review program CPCT, which provides for periodic reviews and allows for credit time to be given for progress in achieving the goals set in an offender's individualized case management plan. CPCT is mandatory for all offenders entering the DOC after January 1, 2022. Offenders who entered the DOC prior to January 1, 2022, were given the option of opting into CPCT.

34. Indiana Code § 35-50-6-5(a) states:

    (a) A person may, with respect to the same transaction, be deprived of any part of the educational credit or good time credit the person has earned for any of the following:

    (1) A violation of one (1) or more rules of the department of corrections.

    (2) If the person is not committed to the department, a violation of one (1) or more rules of the penal facility in which the person is imprisoned.

    (3) A violation of one (1) or more rules or conditions of a:

        (A) Community transition program; or

        (B) Community corrections program.

    (4) If a court determines that a civil claim brought by the person in a state or an administrative court is frivolous, unreasonable, or groundless.

    (5) If the person is a sex or violent offender (as define in IC 11-8-8-5) and refuses to register before being released from the department as required under IC 11-8-8-7.

    (6) If the person is a sex offender (as defined in IC 11-8-8-4.5) and refuses to participate in a sex offender treatment program specifically offered to the sex offender by the department of correction while the person is serving a period of incarceration with the department of corrections.

35. Petitioner has not violated any IDOC rules or regulation that would constitute the deprivation or rescinding of any ECT[5].

36. ADULT OFFENDER CLASSIFICATION, 01-04-101 pg. VII-25 J(1) states:

> "An offender may be deprived or restored of any part of the credit time that has been earned, if a rule or regulation of the Department or a county jail is violated. This includes any additional credit time earned for program completion. Deprivation of credit earned for program completion or progress toward an individualized case plan will require a Central Office override to adjust the time."

---

[5] Earned Credit Time

37. Indiana Code § 35-50-6-5(b) states:

> Before a person may be deprived of educational credit or good time credit, the person must be granted a hearing to determine the persons guilt or innocence and, if found guilty, whether deprivation of earned educational credit or good time credit is an appropriate disciplinary action for the violation. In connection with the hearing, the person is entitled to the procedural safeguards listed in section 4(c) [IC 35-50-6-4(c)] of this chapter. The person may waive the person's right to the hearing.

38. Indiana Code 35-50-6-5.5 states:

### Due Process

The terms of the sentence imposed upon the defendant including the right to be incarcerated at a particular institution, the right to be on work release status and to maintain his current, private employment, and the right to be released from jail for treatment gave the defendant a liberty interest protected by the requirements for prison disciplinary proceedings: (1) the right to have a reasonable time to prepare for the hearing; (2) the right to call witnesses and present evidence; (3) the right to confront and cross-examine each witness, so long as there was no potential for havoc and where the hearing did not become unmanageably long; (4) the right to counsel; (5) the right to have a written statement of the findings of fact, the evidence relied upon, and the reasons for the action taken,; and (6) the right to have a meaningful review of the hearing. _Smith v Stoner_, 594 F. Supp. 1091, 1984 U.S. Dist. LEXIS 23818 (N.D. Ind. 1984).

39. No hearing was ever held, and if there was, Petitioner was never made aware of it and was not allowed to have a reasonable time to prepare for the hearing, as is guaranteed Petitioner granted to him by Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution.

40. No hearing was ever held, and if there was, Petitioner was never made aware of it and was not allowed the right to call witnesses and present evidence, as is guaranteed Petitioner granted to him by Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution.

41. No hearing was ever held, and if there was, Petitioner was never made aware of it and was not allowed the right to confront and cross-examine each witness, so long as there was no potential for havoc and where the hearing did not become unmanageably long, as is guaranteed Petitioner granted to him by Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution.

42. No hearing was ever held, and if there was, Petitioner was never made aware of it and was not allowed the right to counsel, as is guaranteed Petitioner granted to him by Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution.

43. No hearing was ever held, and if there was, Petitioner was never made aware of it and was not allowed the right to have a written statement of the findings of fact, the evidence relied upon, and the reasons for the action taken, as is guaranteed Petitioner granted to him by Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution.

44. No hearing was ever held, and if there was, Petitioner was never made aware of it and was not allowed the right to have a meaningful review of the hearing, as is guaranteed Petitioner granted to him by Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution.

45. THE DISCIPLINARY Code for Adult offenders, 02-04-101, in its entirety, covers the due process rights guaranteed Petitioner granted to him by Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution.

46. The Respondent has had three (3) chances to deny, which they have not, that they retaliated against Petitioner for a previous lawsuit by rescinding his 227 days credited him from his first CPCT review.

47. Indiana prisoners have a liberty interest in earned credit time and must be afforded due process, including the rights to present evidence in their defense and to an unbiased decision maker. *Hakim v Osborne* 2013 U.S. Dist. LEXIS 166270 (citing *Wolff v McDonnell*, 418 U.S. 599, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1971); also see *Piggie v cotton* 342 F.3d 660, 666 (7th Cir. 2003).

48. An Indiana inmate has a protected liberty interest in earned credit time, so he may not be deprived of them without the minimum requirements of due process. *Felder v McBride*, 121 Fed. Appx. 655

49. Indiana inmates have a liberty interest in earned credit time and are therefore entitled to due process before the State revokes those credits. *Portee v Vannatta*, 105 Fed. Appx. 855 (*citing Webb v Anderson*, 224 F.3d 649, 651-52 (7th Cir. 2000)).

50. Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scraggs v Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); see also *Rhoiney v Neal*, 723 F. Appx 347, 348 (7th Cir. 2018).

## X.  CONCLUSION

51. ACCORDINGLY, Petitioner, moves that this Honorable Court, schedule this case for hearing; GRANT this petition for a writ of habeas corpus; and GRANT all other proper relief.

Respectfully submitted,

Zachariah C.J. Blanton

## VERIFICATION

Pursuant to Title 28 U.S.C. § 1746, I, Zachariah C.J. Blanton, Petitioner, *pro se*, hereby verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Zachariah C.J. Blanton

## CERTIFICATE OF SERVICE

I, Zachariah C.J. Blanton, hereby certify that on May 25, 2022, a true and accurate copy of the foregoing Petition for a Writ of Habeas Corpus was served upon the Office of the Attorney General, Indiana Government Center South, Fifth Floor, 302 West Washington, Indianapolis Indiana 47130 (on behalf of all defendants); by first-class, postage prepaid United States Mail.

Zachariah C.J. Blanton 184870
Branchville Correctional Facility
21390 Old State Road 37
Branchville, Indiana 47514