SCANNED at BCF and Emailed on

8/15/22 by Pm - 4 pages
(date)   (initials)   (num)

FILED
08/15/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ZACHARIAH C.J. BLANTON ) | |
| Petitioner, ) | |
| ) | Cause No. 3:22-cv-00072-RLY-MPB |
| v. ) | |
| ) | |
| DAN MITCHELL, WARDEN, ) | |
| Branchville Correctional Facility, ) | |
| Respondent. ) | |
| ) | |

## MOTION FOR RULE 55. DEFAULT

Comes now, Petitioner, Zachariah C.J. Blanton, *pro se*, and respectfully request that the Court Clerk enter a Default Judgement.

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

On July 13, 2022, Respondent filed a **Motion to Dismiss for Failure to Exhaust State Remedies.** In their motion, Respondent cited from documents that are not in the record. In Dk.9 at 2, Respondent claimed Petitioner's "instant petition challenges his state conviction good time credit. (*See* Dkt. 1 and Dkt 4)," Petitioner argued in his **Return Order to Show Cause**, [Dkt. 10 at 1], that this argument was not applicable. Document 1 is "Consent to Receipt of Documents

through Prisoner Electronic Filling Program." Petitioner now concedes that Dkt. 4 indeed does state **Order to Show Cause - State Conviction.**

Respondent stated "Petitioner's claims in the instant petition for a writ of habeas corpus relate to how, allegedly, the IDOC's interpretation of the House Enrolled Act ("HEA") 1120 via the Case Plan Credit Time ("CPCT") violated various constitutional provisions and deprives Petitioner of good time credit. [*See* Dkt. 1.] There is no state court record concerning the issue in the petition." [Dkt. 9 at 2]. Petitioner argued in his **Return Order to Show Cause**, [Dkt. 10 at 1 and 2], that this argument was not applicable. Document 1 is "Consent to Receipt of Documents through Prisoner Electronic Filling Program."

Respondent argued, "The instant case is even more clearly a case of failure to present the constitutional argument to the state courts. Not only has Blanton not presented the particular argument to the state courts, but he has also not presented *any* issue that he now wants to present to this court concerning his challenge the IDOC"s Case Plan Credit Time and how his good credit time is affected. There is thus no question of the failure to exhaust. One need only not go beyond the face of the petition in order to see the failure to exhaust. Blanton petition only mentions that he attempted to exhaust his administrative remedies by submitting an offender grievance. [Dkt. 1 at 5; Dkt. 1-1.] Blanton makes no indication that he even filed a state court action, much less an appeal to the Indiana Court of Appeals or Indiana Supreme Court or even a petition for certiorari in the United States Supreme Court." Petitioner argued in his **Return Order to Show Cause**, [Dkt. 10 at 2], that this argument was not applicable. Document 1 is "Consent to Receipt of Documents through Prisoner Electronic Filling Program," and there is no page 5 of Dkt. 1. Also, there is no Dkt. 1-1.

Respondent argued that "Blanton incorrectly claims that there are no available state court remedies regarding credit-time. (Dkt. 1 at p. 4 ¶ 4)." Petitioner argued in his **Return Order to Show Cause**, [Dkt. 10 at 2], that this argument was not applicable. Document 1 is "Consent to Receipt of Documents through Prisoner Electronic Filling Program," and there is no page 4.

Respondent argued that "Petitioner presents a claim that attempts to secure an earlier release from prison, through good time credit. [Dkt. 1]." Petitioner argued in his **Return Order to Show Cause**, [Dkt. 10 at 2], that this argument was not applicable. Document 1 is "Consent to Receipt of Documents through Prisoner Electronic Filling Program."

After Petitioner submitted his **Return Order to Show Cause**, [Dkt. 10], in reply to Respondent's **Motion and Memorandum of Law in Support of Motion to Dismiss for Failure to Exhaust State Remedies**, [Dkt. 9], Respondent filed **Respondent's Reply In Support Of Motion to Dismiss for Failure to Exhaust State Remedies**, [Dkt. 11]. In their reply, Respondent claims that, "Plaintiff's response fails to address the substance of Respondent's arguments or does very little if anything at all to develop any proper arguments. Accordingly, Mr. Blanton has now waived an argument," [Dkt. 11 at 1].

Petitioner could only argue against what Respondent argued, in this case, the arguments that Respondent brought were not applicable because the documents that Respondent relied upon for their arguments are not in the record. Petitioner addressed every argument that Respondent raised. It is hard for Petitioner to develop any proper argument against something that is not in the record.

Respectfully submitted,

Zachariah C.J. Blanton

## VERIFICATION

Pursuant to Title 28 U.S.C. § 1746, I, Zachariah C.J. Blanton, Petitioner, *pro se*, hereby verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*[signature]*
Zachariah C.J. Blanton

## CERTIFICATE OF SERVICE

I, Zachariah C.J. Blanton, hereby certify that on August 15, 2022, a true and accurate copy of the foregoing Petition for a Writ of Habeas Corpus was served upon the Office of the Attorney General, Indiana Government Center South, Fifth Floor, 302 West Washington, Indianapolis Indiana 47130 (on behalf of all defendants); by first-class, postage prepaid United States Mail.

*[signature]*
Zachariah C.J. Blanton 184870
Branchville Correctional Facility
21390 Old State Road 37
Branchville, Indiana 47514